IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMED ELHASSAN MOHAMED a/n/f for AHMED MOHAMED, a minor<br>    Plaintiff,<br><br>v.<br><br>IRVING INDEPENDENT SCHOOL DISTRICT; DANIEL CUMMINGS, in his individual capacity, and CITY OF IRVING,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:16-CV-02283-L |

### DEFENDANTS IRVING INDEPENDENT SCHOOL DISTRICT AND DANIEL CUMMINGS'S JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS

TO THE HONORABLE SAM A. LINDSAY, UNITED STATES DISTRICT COURT JUDGE:

Defendants Irving Independent School District (the "District") and Daniel Cummings (together, the "Irving ISD Defendants") move the Court to exercise its discretion under Federal Rule of Civil Procedure 26(c) and stay discovery in this case pending resolution of the Irving ISD Defendants' Motions to Dismiss all claims against them. In support of this request, the Irving ISD Defendants would respectfully show the Court the following:

### NATURE AND STAGE OF THE PROCEEDING

Irving ISD is a public school district in Irving, Texas. A former student filed this suit against the District and Daniel Cummings, the principal of Irving ISD's MacArthur High School, claiming discriminatory student discipline. A year ago, Principal Cummings suspended A.M.,[1] a freshman at MacArthur, for three days after A.M. brought a suspicious homemade device,

---

[1] Although the student's full name is contained in the caption of the lawsuit, the rules of civil procedure require parties to refer to minors by their initials. Accordingly, this motion refers to the student by his initials. *See* FED R. CIV. P. 5.2.

repeatedly defied a teacher's directive to keep the device in his backpack, and refused to tell Cummings his intent for building the device or for bringing it to school. A.M. asserts a Fourteenth Amendment Equal Protection claim under 42 U.S.C. § 1983 against Cummings and Irving ISD, and a Title VI discrimination claim against Irving ISD.

On October 11, 2016, the Irving ISD Defendants filed Motions to Dismiss the claims because A.M.'s well-pleaded allegations, on their face, fail to state a claim of intentional discrimination on the basis of any protected class. *See* Dkt. 10 and 11. Cummings also asserted a qualified immunity defense. The Motions raise purely legal questions and will be dispositive if granted. Moreover, the balance of equities favors deferring the start of discovery until after the Motions to Dismiss are resolved. As a result, a temporary stay of discovery is warranted.

**ARGUMENT AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**

Under Rule 26, a district court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (describing trial court's "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). Staying discovery is appropriate when a defendant's motion to dismiss presents only questions of law:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should … be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Petrus*, 833 F.2d at 583 ("Nothing that [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"); *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652-R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (staying discovery pending ruling on

defendants' motion to dismiss racial discrimination claim) (unreported); *see also Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *1 (N.D. Tex. Mar. 18, 2015) (staying discovery pending determination of public defendants' motion to dismiss). Whether an individual defendant is entitled to qualified immunity and whether a plaintiff has stated a plausible claim are both questions of law, as explained below.

I.  **The Irving ISD Defendants' Motions to Dismiss may dispose of all claims and present only questions of law.**

   A.  **Qualified immunity must be determined before any discovery begins.**

Cummings's pending Motion to Dismiss asserts qualified immunity and seeks full dismissal of the one claim asserted against him. Qualified immunity is designed to free governmental officials from the demands of litigation, including disruptive discovery that diverts them from their official responsibilities. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Qualified immunity constitutes good cause to stay discovery. *See, e.g., Gilbert v. City of Dallas*, No. CIV. 3:99 CV 1463X, 2000 WL 748153, at *3 (N.D. Tex. June 8, 2000) (finding good cause under Rule 26(c) to grant motion to stay with respect to individual defendants' immunity defense).

The Supreme Court's opinion in *Iqbal* addresses the precise qualified immunity defense at issue here. In *Iqbal*, the Court held that "[i]f a [g]overnment official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Iqbal*, 556 U.S. at 686 (internal citation omitted). As a result, the Fifth Circuit routinely holds that individual defendants should not be subject to burdensome discovery until after the qualified immunity issue is resolved. *See, e.g., Zapata v. Melson*, 750 F.3d 481, 485-86 (5th Cir. 2014) (vacating order deferring resolution of qualified immunity issue and permitting discovery because district court, before determining

defendants' entitlement to qualified immunity, neither made initial determination that plaintiff's allegations would defeat qualified immunity nor identified any questions of fact that required resolution); *Winstead v. Box*, 419 Fed. App'x 468, at *2 (5th Cir. Mar. 21, 2011) (unpublished) (remanding and vacating district court's order where district court ordered discovery before determining qualified immunity issue on pleadings). These concerns are particularly important in the public school setting. *See generally Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery where "defendants are municipal entities who provide public services in the areas of public education and civil service employment. Compliance with discovery…would result in a substantial diversion of public resources which may not be ultimately necessary…."). Because Cummings is entitled to qualified immunity, he has shown good cause to stay discovery against him.

Irving ISD is also entitled to a stay of discovery until the immunity issue is resolved because Plaintiff's claims against the District depend on actions taken by Cummings. A recent civil rights case is instructive. In *Waller v. City of Fort Worth*, No. 4:15-cv-670-Y, 2015 WL 5836041, at *3 (N.D. Tex. Oct. 2, 2015), plaintiffs brought a Section 1983 excessive force claim against the City of Fort Worth and individual law enforcement officers. Plaintiffs argued that they could serve written discovery on and take depositions of City personnel because, unlike the officers, the City had no qualified immunity. *Id.*, 2015 WL 5836041 at *6. The court rejected this argument. *Id.* Because the plaintiffs had claimed that the individual defendants had violated their constitutional rights, there were no distinct claims against the City that did not involve the officers. Thus, if discovery proceeded against the non-immune City, then the individual officers would still need to participate in the discovery process. *Id.* at *6. As the Supreme Court explained in *Iqbal*, "[i]t is no answer to these concerns to say that discovery for [defendants asserting their right to qualified immunity] can be deferred while pretrial proceedings continue

4

for other defendants." 556 U.S. at 685-86; *see also Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-cv-00406-DCG, 2015 WL 3902303, at *9 (W.D. Tex. June 23, 2015) (staying discovery against governmental entity when claims "predicated largely, if not exclusively, on the alleged actions of the individual Defendants.").

Here, A.M.'s claims against Irving ISD are centered on Cummings' alleged violation of A.M.'s constitutional rights. Dkt. 1 at ¶¶ 56, 59, 68, 77, 81-84, 105. The Complaint focuses on Cummings disciplining A.M., allegedly failing to contact A.M.'s parents, and asking A.M. to prepare and sign a statement. *See* Dkt. 1 at ¶ 82; Dkt. 16 at 20. There are no claims against Irving ISD that do not involve Cummings. *See generally*, Dkt. 16. As a result, permitting discovery as to Irving ISD would necessarily subject Cummings to discovery. That is "tantamount" to denying him qualified immunity. *Zapata*, 750 F.3d at 484 (describing order declining to rule on motion to dismiss based on qualified immunity defense as "tantamount to an order denying the defendants qualified immunity") (citations omitted). Because A.M.'s claims against Irving ISD depend on the actions of Cummings, all discovery should be stayed until the Court determines whether Principal Cummings is entitled to qualified immunity.

**B.   Because Plaintiff fails to plead that Cummings or Irving ISD violated A.M.'s constitutional rights, the Court should exercise its discretion and stay discovery.**

A court may similarly stay discovery until the plaintiff states a cognizable claim. *See, e.g., Higgenbotham v. Connatser*, No. 10–40638, 2011 WL 1239872, at *2 (5th Cir. Apr. 4, 2011) (unpublished) (discovery not justified where plaintiff did not plead sufficient allegations to support her due process claim). Federal Rule of Civil Procedure 8 simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. A plaintiff's failure to plead that a defendant engaged in intentional discrimination leading to a deprivation of his constitutional rights is good cause to stay discovery. *See, e.g.,*

5

*Chesney*, 236 F.R.D. at 116 (staying discovery in Section 1983 discrimination case where "allegations fail to adequately set forth even minimal facts to support a cause of action against the named individual defendants").

Other courts have reached the same conclusion. For example, in *Jones v. Nueces County, Texas*, No. C-12-145, 2012 WL 3528049, at *4 (S.D. Tex. Aug. 15, 2012), the court addressed a request for discovery in a Section 1983 excessive force lawsuit against Nueces County. The County filed a motion to dismiss based on the plaintiff's failure to plead sufficient facts to establish entity liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* The plaintiff responded that he needed discovery to respond to the motion to dismiss or to plead additional facts to support his Section 1983 claim. *Id.* The court, however, rejected the plaintiff's request and granted the County's motion to dismiss. *Id*. The court stated that "[f]ederal practice" does not allow a plaintiff to "plead first and discover if there are supporting facts later." *Id.* (internal citations and quotations omitted). Indeed, the court noted that this was "exactly the problem that the Supreme Court sought to remedy in *Twombly* and *Iqbal*." *Id*. A federal case "proceeds to discovery only if the complaint contains enough facts to give rise to a reasonable expectation that discovery will reveal evidence of the elements of the claim." *Id*. (internal citations and quotations omitted).

The Motions to Dismiss show that A.M.'s allegations, even if assumed to be true, fail to present any claim of intentional discrimination. *See* Dkt. 10, 11, 20, 21. Unless and until A.M. pleads sufficient facts to state an Equal Protection claim or a Title VI claim for intentional discrimination, he is not entitled to discovery. Because no claim has been stated against the Irving ISD Defendants, they have shown good cause to stay discovery.

## II.     The balance of equities favors a stay of discovery.

To determine whether a stay is appropriate, a court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (internal citations and quotations omitted).

Given the nature of A.M.'s claims, discovery in this case will be more costly, burdensome, and intrusive than the garden-variety discrimination case. The burden of discovery is particularly magnified by the date range of potentially relevant information. A.M. cites to eight years of statistics and reports reflecting alleged disproportionality in Irving ISD's student disciplinary practices. *See* Dkt. 1 at ¶¶ 82, 15-22, 77-88. He does not specify at which one of the 36 campuses in the District the challenged incidents occurred, but instead refers globally to the 3 early childhood schools, 20 elementary schools, 8 middle schools and 5 high schools in Irving ISD. *Id.* at ¶ 14. He also claims that an anti-Muslim bias exists across the school district. *Id.* at ¶ 80. Plaintiff's Response to the Motions to Dismiss further underscores the scope of discovery. Citing a "mountain of TEA data," Plaintiff describes "nearly a decade" of alleged racial disparity. *See* Dkt. 16 at 18. Discovery regarding these allegations would necessarily address student disciplinary incidents each year at each campus. Given the expansive nature of Plaintiff's allegations, discovery in this case could easily involve scores of District personnel and numerous witnesses.

Further, the discovery sought by A.M. likely will include documents regarding other students and any investigations performed by Irving ISD regarding race- and religion-based discrimination and harassment. If deemed relevant, such discovery likely will involve disputes over scope and confidentiality. It also will impact the privacy rights of third-party students, including others who may have reported discrimination and harassment to Irving ISD. Under the

Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, before producing any educational records on any student, Irving ISD will need to notify each student of the student's right to file an objection with the Court. *See* 34 C.F.R. § 99.31(a)(9)(i)-(ii) (stating that an educational institution may release student records pursuant to a judicial order or non-grand jury subpoena "only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action…."). Before the parties and the Court walk down that road, the Court should determine whether Plaintiff's Section 1983 and Title VI claims are even viable.

A stay of discovery will conserve the parties' and Court's resources while these dispositive questions are under review. *See generally Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, No. H–08–cv–0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (discovery stayed where discovery requests would constitute undue burden and would not affect plaintiff's ability to respond to pending motion to dismiss); *Johnson v. PPI Tech. Servs., L.P.*, Civ. Action Nos. 11-2773, 12-1534, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) ("[T]he Fifth Circuit and this Court have on numerous occasions upheld a stay and/or stayed discovery pending the resolution of a dispositive motion to conserve the resources of the parties.").

Finally, there is no prejudice to Plaintiff. The Irving ISD Defendants seek only a temporary stay of discovery. If the Motions to Dismiss are denied in whole or in part, the discovery process will promptly begin, and A.M. will be able to receive any discovery to which he is entitled at that time.

## CONCLUSION AND PRAYER

Daniel Cummings and Irving Independent School District pray that the Court grant this motion and temporarily stay all discovery pending resolution of the Motions to Dismiss and grant any other relief to which they may be entitled at law or in equity.

Respectfully submitted,

/s/  Kathryn E. Long
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

**THOMPSON & HORTON LLP**
Ross Tower
500 North Akard Street, Suite 2550
Dallas, Texas  75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**OF COUNSEL:**
Melisa E. Meyler
mmeyler@thompsonhorton.com
State Bar No. 24090122

**THOMPSON & HORTON LLP**
3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
(713) 554-6767 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR DEFENDANTS
IRVING INDEPENDENT SCHOOL DISTRICT
AND DANIEL CUMMINGS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I contacted Plaintiff's counsel, Susan Hutchison, on December 1, 2016, regarding the substance of this motion, and she stated that she is opposed to this motion or the relief requested in this motion.

I hereby certify that I contacted the City of Irving's counsel, Thomas Brandt, on December 1, 2016, regarding the substance of this motion, and he stated that he is not opposed to this motion or the relief requested in this motion.

/s/ *Kathryn E. Long*
Kathryn E. Long

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Defendants Irving Independent School District and Daniel Cummings's Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss has been forwarded to counsel of record for Plaintiff on December 1, 2016, via the Court's electronic service system properly addressed as follows:

| | |
|---|---|
| Mr. Thomas P. Brandt | Ms. Susan E. Hutchison |
| Ms. Laura O'Leary | Mr. Christopher E. Stoy |
| **FANNING, HARPER, MARTINSON, BRANDT & KUTCHIN, P.C.** | **HUTCHISON & STOY PLLC** |
| 4849 Greenville Ave., Suite 1300 | 509 Pecan Street, Suite 201 |
| Dallas, Texas | Fort Worth, Texas 76102 |
| tbrandt@fhmbk.com | hutch@hsjustice.com |
| loleary@fhmbk.com | cstoy@hsjustice.com |

/s/ *Melisa E. Meyler*
Melisa E. Meyler

860255_10
093990.000002