IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMED ELHASSAN | § | |
| MOHAMED a/n/f for | § | |
| AHMED MOHAMED, a minor | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-02283-L |
| | § | |
| IRVING INDEPENDENT SCHOOL | § | |
| DISTRICT; DANIEL CUMMINGS, | § | |
| in his individual capacity, | § | |
| and CITY OF IRVING, | § | |
|     Defendants. | § | |

## DEFENDANTS IRVING INDEPENDENT SCHOOL DISTRICT'S AND DANIEL CUMMINGS'S REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Defendants Irving Independent School District ("Irving ISD" or the "District") and Daniel Cummings (together, the "Irving ISD Defendants") submit this Reply to Plaintiff's Response to Defendants' Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss.  In support of this Reply and in further support of their Joint Motion to Stay Discovery, the Irving ISD Defendants would respectfully show the Court the following:

### SUMMARY

There is no allegation that Principal Daniel Cummings intentionally discriminated against A.M. when he suspended A.M. for bringing a suspicious homemade wired contraption to MacArthur High School, defying a teacher's directives regarding the device, and refusing to answer questions about the device.  In no pleading does Plaintiff allege a single fact that Cummings acted with any improper motive.  As a result, Cummings, a public high school principal, is entitled to qualified immunity and, under *Iqbal*, is protected from pretrial discovery until the Court determines whether Plaintiff has stated a claim against him.

Irving ISD is similarly entitled to a temporary stay of discovery pending the resolution of Cummings's entitlement to qualified immunity because the claims asserted against it center on the actions of Cummings.  Alternatively, Irving ISD is entitled to a temporary stay of discovery pending the Court's ruling on its Motion to Dismiss.  Plaintiff should not be allowed to conduct discovery against Irving ISD unless and until he states a cognizable claim.

In sum, permitting discovery at this stage would effectively result in reaching the merits of Plaintiff's claim before the Irving ISD Defendants' Motions to Dismiss are even resolved and would circumvent Cummings's entitlement to qualified immunity.

## ARGUMENT AND ANALYSIS

**I.    Daniel Cummings Has Good Cause to Justify a Temporary Stay of Discovery.**

Cummings has shown good cause for the Court to exercise discretion and stay discovery temporarily.  Plaintiff has not shown why Cummings is not entitled to qualified immunity or a temporary stay of discovery.  Thus, the Court should stay discovery as to Cummings until the Court addresses the qualified immunity issue.

**A.    *Iqbal* requires a stay of discovery against Cummings.**

As an initial matter, binding precedent mandates a stay of discovery against an individual defendant who asserts a qualified immunity defense.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.") (citations omitted).  Indeed, Plaintiff invites the Court to resolve the underlying Motions to Dismiss and, moreover, admits that "avoidable" discovery should not permitted. Dkt. 23 at 2.  A motion that disposes of all claims asserted against Cummings, if granted, would avoid the need for substantial discovery.

**B.      Plaintiff is not entitled to limited discovery as to Cummings until he pleads sufficient facts to defeat qualified immunity.**

Under Fifth Circuit precedent, limited discovery may be allowed only after the court follows a "careful" two-step procedure.  *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).  Step one requires the court to "first make an initial determination that Plaintiffs' allegations, if true, would defeat qualified immunity."  *Id.*; *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("[a] court required to rule upon the qualified immunity issue must consider…this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  This must be the initial inquiry.").  Under step two, the court may then "identify any questions of fact it need[s] to resolve before it [is] able to determine whether the defendants were entitled to qualified immunity."  *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).  Only if the court is unable to resolve the immunity issue without additional facts may the court order limited, narrowly tailored discovery. *See, e.g., Zanitz v. Seal*, 602 Fed. App'x 154, 163 (5th Cir. 2015) (per curiam) (holding that magistrate judge abused his discretion in issuing a discovery order that did not perform either of the steps described in *Zapata*).  A Rule 7(a) reply is typically requested by the party asserting immunity or ordered *sua sponte* by the court.  In either case, before ordering even limited discovery, a court must address both steps.

Plaintiff admits that this is the proper procedure.  *See* Dkt. 23 at 2 and 4.  But Plaintiff still asks the Court to deny the Motion to Stay before making these required determinations.  The Court cannot determine, in the first instance, that Plaintiff's allegations would defeat Principal Cummings's immunity.  As explained in the Irving ISD Defendants' Motions to Dismiss, Plaintiff's pleadings do not assert facts that would overcome immunity.  *See* Dkt. 10 at 18; 11 at 6-17.  As a result, the Court cannot proceed to step two of framework articulated in *Zapata*.

Determination of Cummings's immunity does not require resolution of any factual issues. There simply is no question of fact when there are no well-pleaded allegations of intentional discrimination, a required element of a 42 U.S.C. § 1983 Equal Protection claim. As a result, Cummings is immune as a matter of law, and Plaintiff's request for leave to file a Rule 7(a) reply—a narrow procedure available only when there is a factual issue in the immunity defense—is procedurally improper.[1]   *See* Dkt. 23 at 9.

Even if the Court were to entertain Plaintiff's improper request, it is wholly unclear how Plaintiff could substantiate a Rule 7(a) reply. He does not identify any fact issue necessary to resolve the qualified immunity defense. [2]   Instead, the discovery that Plaintiff proposes reveals his true purpose: to discover facts showing the scope of Cummings's role in the decisions related to A.M. on September 14, 2015. *See* Dkt. 23 at 3-4. Plaintiff argues that discovery is necessary to determine "the extent of Cummings' role in" A.M.'s "detention and interrogation," "the decision not to contact his parents," and "the disciplinary suspension after the charges were dropped and the police chief admitted that the charges were a 'mistake.'" *Id.* But answering these questions will not help Plaintiff describe a violation of a constitutional right or show that the right was clearly established at the time of Cummings's challenged conduct. These inquiries, likewise, do nothing to show that Cummings intentionally discriminated against A.M. These suggested discovery topics are undisputed, and the extent of Cummings's role is irrelevant if the Complaint lacks factual allegations of intentional discrimination. [3]   At bottom, Plaintiff seeks to

---

[1]   Similarly, Plaintiff's request for a Rule 56(d) affidavit, which may be allowed in the summary judgment context, is inappropriate at the pleading stage.

[2]   Notably, Plaintiff did not amend his Complaint as a matter of course under Federal Rule 15(a)(1)(B) and, as of today, has not sought leave to do so. Plaintiff did not seek discovery to respond to the Irving ISD Defendants' Motions to Dismiss, when Plaintiff was first notified of the qualified immunity defense.

[3]   It is undisputed that Cummings asked A.M. about the device and disciplined A.M. after A.M. refused to answer.

plead first and find facts later.[4]  Such an end-run around Rule 8 is not allowed.  *See, e.g., Jones v. Nueces Cnty., Tex.*, No. CIV.A. C-12-145, 2012 WL 3528049, at *4 (S.D. Tex. Aug. 15, 2012) ("'[P]lead first and discover if there are supporting facts later' is exactly the problem that the Supreme Court sought to remedy in *Twombly* and *Iqbal*.").

## II.      Irving ISD Has Good Cause to Warrant a Temporary Stay of Discovery.

Irving ISD makes no assertion that it is entitled to qualified immunity.  Rather, Irving ISD has good cause for a temporary stay of discovery because Plaintiff's claims against Irving ISD are "factually derivative" of those against Cummings.  *Waller v. City of Fort Worth*, No. 4:15-cv-670-Y, 2015 WL 5836041, at *6 (N.D. Tex. Oct. 2, 2015) (mem. op).  Thus, the Court should stay discovery as to Irving ISD until the Court addresses Cummings's assertion of qualified immunity.  *Id.*; *see also* Dkt. 22 at 4-5.  Moreover, Irving ISD's Motion to Dismiss presents only questions of law, and discovery should be stayed unless and until Plaintiff has stated a claim against Irving ISD that is plausible on its face.  Dkt. 10 at 2-24; *see also Higgenbotham v. Connatser*, No. 10-40638, 2011 WL 1239872, at *2 (5th Cir. Apr. 4, 2011) (unpublished); *Jones*, 2012 WL 3528049 at *4.  Plaintiff fails to show why Irving ISD would not be entitled to a temporary stay of discovery.

### A.      Plaintiff's claims against Irving ISD are inextricably intertwined with the alleged conduct of Cummings and, thus, discovery should be stayed until qualified immunity is resolved.

Plaintiff acknowledges that his claims against Irving ISD depend in large part on Cummings.  *See* Dkt. 23 at 8 ("Plaintiff's multiple theories of liability against [ ] Irving ISD are . . . *not entirely* dependent on actions taken by [ ] Cummings") (emphasis added).  Moreover,

---

[4]     Plaintiff's vague reference to unnamed "persons besides Defendant Cummings" underscores the unfocused nature of the discovery upon which Plaintiff proposes to embark.  Dkt. 23 at 7.  If Plaintiff believes there is a specific individual besides Principal Cummings who intentionally discriminated against A.M., then the Irving ISD Defendants are entitled to notice of who that person may be.

Plaintiff's argument that his claims against Irving ISD "may stand independent of actions taken by [ ] Cummings" is incorrect. *Id.* at 1, 7-8. This assertion is contrary to the allegations in the Complaint and the arguments in Plaintiff's Response to Defendants' Motions to Dismiss. *See* Dkt. 1 at ¶¶ 56-59, 68, 77, 81-84, 108; Dkt. 16 at 5-6 (focusing on September 14, 2015 as date of alleged violation of A.M.'s constitutional rights), 10-13 (arguing that Cummings was "appropriate person" for Title VI liability against District and that Cummings "ratified and perpetuated discrimination against A.M."), and 19 (identifying alleged violation of constitutional right for Section 1983 claim was "discriminatory treatment by administration on September 14, 2015"); Dkt. 22 at 5. While the action or inaction of Irving ISD's Board of Trustees (the "Board") relates to one of Plaintiff's theories of liability under Title VI and is an essential element of his Section 1983 claim against Irving ISD, Plaintiff does not plead that the Board was present on September 14, 2015, or that the Board had any role in the disciplinary decisions related to A.M. Even under Plaintiff's misguided theory of Title VI liability based on historical disciplinary data,[5] the alleged discrimination that forms the basis of this claim was the "discrimination faced by A.M. on September 14, 2015." *See* Dkt. 16 at 16.

All claims against Irving ISD are grounded on the alleged actions of Cummings. *See* Dkt. 10, 11, 20, 21, and 22. There are no distinct claims against Irving ISD that do not involve Cummings. *Id.* Simply put, Plaintiff's claims against Irving ISD are all based on purportedly discriminatory discipline. And the alleged disciplinarian was Principal Cummings.

The scope of discovery that Plaintiff proposes underscores that his claims against Irving ISD are factually derivative of his claims against Cummings. The only specific areas of discovery articulated by Plaintiff concern the actions and decisions of Cummings. *See* Dkt. 23 at 3 ("discovery is necessary to determine the extent of *Cummings'* role in AM's interrogation, as

---

[5]    *Compare* Dkt. 16 at 13-16 *with* Dkt. 21 at 5-7.

well as the disciplinary suspension….'") and 4 ("Plaintiff should be permitted to conduct discovery on the extent of *Cummings'* role in the detention and interrogation of AM, the decision not to contact his parents and the disciplinary suspension") (emphasis added).  Tellingly, Plaintiff does not identify a single area of inquiry with respect to Irving ISD, and no specific inquiries related to any witness other than Cummings are proposed.

Because it is undeniable that Plaintiff's claims are pinioned on the actions of Cummings, a stay of discovery against the Irving ISD Defendants is warranted until the qualified immunity issue is resolved.

> **B.  The case law upon which Plaintiff relies is factually and procedurally distinguishable.**

Plaintiff cites a litany of cases in an effort to avoid a temporary stay of discovery.  But these cases are inapposite.  *See* Dkt. 23 at 5-6.[6]  For example, in *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 731 (N.D. Tex. 2014), the Court had already denied the qualified immunity defense before the defendants moved to stay discovery and pretrial proceedings until the resolution of an interlocutory appeal.[7]  Moreover, the Court only allowed discovery to proceed on claims that were "legally distinct and for which a party may not assert the defense of qualified immunity."  *Harris*, 33 F.Supp. 3d at 733; *see also Waller*, 2015 WL 5836041 at *6

---

[6]  *Estate of Sorrels v. City of Dallas*, 192 F.R.D. 203 (N.D. Tex. Feb. 25, 2000), *Beck v. Taylor County*, No. 3:98-CV-0994-D, 1998 WL 682265 (N.D. Tex. Sept. 29, 1998), and *Gauglitz v. City of Dallas*, No. 3:95-CV-3123G, 1997 WL 786246 (N.D. Tex. Dec. 15, 1997) all pre-date *Iqbal*.  In *Sorrels*, the court had stayed all discovery until the issue of qualified immunity was resolved.  *Sorrels*, 192 F.R.D. at 206.  The court only lifted the stay after the defendants had filed a motion for summary judgment.  *Id.*  The court noted the "troubling trend" of defendants who "do not seek a ruling on their immunity defense until they move for summary judgment" and the motion "covers the underlying substantive claims as well."  *Id.* at 207.  The concerns in *Estate of Sorrels* simply are not present here.  In *Gauglitz*, the court determined that the original complaint contained detailed factual allegations regarding the plaintiff's excessive force claim.  And in *Beck*, the court determined that it could not rule on the qualified immunity defense without further clarification of facts.  Neither of those procedural steps have been met here.

[7]  The Court in *Harris* did not read *Iqbal* to require a "global stay of all pretrial proceedings, including discovery, pending the outcome of a defendant's interlocutory appeal." *Harris*, 33 F. Supp. 3d at 732.  Thus, the concerns analyzed in *Iqbal* were not present.  *Id.*

(distinguishing *Harris*).   In addition, the case had been pending for three years which raised concerns about "the age of th[e] case."   *Harris*, 33 F.Supp. 3d at 733.   Here, in contrast, the Irving ISD Defendants raised the immunity defense at the first available opportunity.   *See* Dkt. 10 and 11.

Similarly, the holding in *Saenz v. City of El Paso, Tex.*, No. EP-14-CV-244-PRM, 2015 WL 4590309 (W.D. Tex. Jan. 26, 2015) must be examined in light of the procedural posture of that case.   In *Saenz*, the plaintiff sued the city, a city police officer, a private security company, and an unnamed employee of the private security company.   The very same day the court partially denied the police officer's global motion to stay discovery with respect to *all* defendants, the court also granted the city's motion to dismiss.   *See Saenz v. City of El Paso, Tex.*, No. EP-14-CV-244-PRM, 2015 WL 4590320 (W.D. Tex. Jan. 26, 2015).   Thus, the permitted discovery related to claims against the police officer, the private security company, and the unnamed private employee.   Furthermore, two days after the court partially denied the requested stay, the court denied the police officer's assertion of qualified immunity.   *Saenz v. City of El Paso, Tex.*, No. EP-14-CV-244-PRM, 2015 WL 4590232 at *5, 7 (W.D. Tex. Jan. 28, 2015).   Because of these rulings, many of the interests articulated in the Irving ISD Defendants' Motions were not actually implicated in *Saenz*.   Furthermore, in *Saenz*, the individual police officer had not specified why discovery would be burdensome, and the plaintiff had already amended its complaint twice.   *Saenz*, 2015 WL 4590309 at *1, 4.   In contrast, the Irving ISD Defendants promptly raised the immunity defense and articulated the unique burdens that discovery would impose on public school personnel.   *See* Dkt. 10 and 11; 22 at 7-8.

Plaintiff's cases concerning private parties do not implicate immunity and are therefore inapplicable.   *See Dkt.* 23 at 9-11.   Moreover, private parties are not vulnerable to the same

burdens as a public school district or a public high school principal. *See* Dkt. 22 at 7-8. Plaintiff cites no authority for subjecting an educational entity or its employees to disruptive discovery.

Because Irving ISD has a motion to dismiss pending, and the Plaintiff's claims against Irving ISD and Cummings are so intertwined, and in light of the unique burdens that discovery would impose, the Court should stay discovery until the qualified immunity issue is resolved. *See Waller*, 2015 WL 5836041, at *6-7; *see also Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 3902303, at *8 (W.D. Tex. June 23, 2015) (staying discovery against United States until qualified immunity issue resolved because discovery would implicate individual defendants and require their participation in discovery beyond narrow terms necessary to resolve qualified immunity issues). Proceeding with discovery as to claims against Irving ISD before the qualified immunity issue is resolved would "impede or circumvent" Cummings's right and entitlement to qualified immunity, as evidenced by the discovery Plaintiff proposes in his Response. *Waller*, 2014 WL 5836041, at *7; *Doe*, 2015 WL 3902303, at *8.

> **C.**    **At a minimum, discovery should be stayed pending a ruling on Irving ISD's Motion to Dismiss.**

Should the Court decline to stay discovery against Irving ISD until the resolution of the qualified immunity defense, Irving ISD requests a temporary stay of discovery until the Court determines if Plaintiff has pleaded facts sufficient to state a claim against it. *See* Dkt. 22 at 5-7. The allegations against Irving ISD do not articulate a claim under Section 1983 or Title VI. *See* Dkt. 10 at 5-13, 20-24; Dkt. 22 at 5-6. These are questions of law that the Court can and should resolve before discovery commences. Plaintiff's Response makes no argument that discovery should not be temporarily stayed until the Court rules on Irving ISD's Motion to Dismiss.

**CONCLUSION**

Under well-established precedent, Daniel Cummings is entitled to a temporary stay of discovery pending the resolution of his assertion of qualified immunity.  Only if the Court determines that Plaintiff's allegations, if true, would defeat qualified immunity, can Plaintiff conduct any discovery as to Cummings.  And this discovery must be limited to questions of fact the Court needs to resolve before it can determine if Cummings is entitled to qualified immunity. Accordingly, the Court should grant the temporary stay of discovery with respect to any claims against Cummings.

The requested stay should also extend to Plaintiff's claims against Irving ISD because these claims depend on the alleged actions of Cummings.  Should the Court allow discovery to proceed as to Irving ISD, it would necessarily require Cummings's participation on issues related to the claim against him and circumvent the rights afforded to him under the qualified immunity doctrine.  Alternatively, the Court should grant a temporary stay of discovery as to Irving ISD until the Court rules on its Motion to Dismiss.

Respectfully submitted,


/s/  Kathryn E. Long
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953

**THOMPSON & HORTON LLP**
Ross Tower
500 North Akard Street, Suite 2550
Dallas, Texas  75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**OF COUNSEL:**
Melisa E. Meyler
mmeyler@thompsonhorton.com
State Bar No. 24090122

**THOMPSON & HORTON LLP**
3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
(713) 554-6767 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR DEFENDANTS
IRVING INDEPENDENT SCHOOL DISTRICT
AND DANIEL CUMMINGS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Defendants Irving Independent School District's and Daniel Cummings's Reply in Support of Their Motion to Stay Discovery*** has been forwarded to all counsel of record via ECF on this 5th day of January 2017, properly addressed as follows:

| | |
|---|---|
| Mr. Thomas P. Brandt | Ms. Susan E. Hutchison |
| Ms. Laura O'Leary | Mr. Christopher E. Stoy |
| **FANNING, HARPER, MARTINSON,** | **HUTCHISON & STOY PLLC** |
| **BRANDT & KUTCHIN, P.C.** | 509 Pecan Street, Suite 201 |
| 4849 Greenville Ave., Suite 1300 | Fort Worth, Texas 76102 |
| Dallas, Texas 75206 | hutch@hsjustice.com |
| tbrandt@fhmbk.com | cstoy@hsjustice.com |
| loleary@fhmbk.com | sehservice@hsjustice.com |

    /s/ *Melisa E. Meyler*
Melisa E. Meyler

875072_4
093990.000002